UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-60223-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEANNIS GONZALEZ,

    Defendant.
_____/

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Geannis Gonzalez's ("Defendant") Expedited Motion for Compassionate Release and Reduction of Sentence to Time-Served with Home-Confinement and Electronic Monitoring Imposed as Special Conditions of Supervised Release Based on Extraordinary and Compelling Reasons Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. [289] ("Motion"). The Government filed a Response in Opposition, ECF No. [292] ("Response"), and Defendant later filed a Notice to the Court of Reliance Upon Prior Filing, ECF No. [293]. The Court has reviewed the Motion, all relevant submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On March 7, 2018, Defendant pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). ECF No. [92]. On May 30, 2018, Defendant was sentenced to a term of imprisonment of eighty months, followed by a three-year term of supervised release. *See* ECF No. [176]; *see also* ECF No. [217]. Defendant is currently housed at Aliceville

FCI in Aliceville, Alabama, and is scheduled to be released on April 16, 2024. To date, Defendant has served over three years of her sentence. Defendant now requests that the Court reduce her sentence to time served with a period of home confinement and electronic monitoring imposed as a special condition of supervised release because she is the only available caregiver for her two children with autism. The Government opposes Defendant's request.

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons [("BOP")] files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017). "The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (citation omitted); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018).

Defendant seeks compassionate release under § 3582(c)(1)(A), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

. . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Moreover, the existing policy statement provides that,

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) Extraordinary and compelling reasons warrant the reduction; or

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.**—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life

3

> expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018) ("U.S.S.G. § 1B1.13").

Although the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons," the Court of Appeals for the Eleventh Circuit has now held that § 1B1.13 is applicable to all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and that district courts do not have discretion to

develop "other reasons" to justify a reduction in a defendant's sentence. *See United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist before granting compassionate release.

> In determining whether to grant a sentence modification, courts must address four issues:
>
> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id*. *Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling circumstances warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III.  DISCUSSION

In her Motion, Defendant now seeks a sentence reduction based on the fact that she has two children with autism who require her care and that her husband is unable to fully care for their

5

children because he works as a long-distance truck driver and cannot stay home to care for the children while supporting the household. Defendant further explains that no other relatives are able to care for her children. Specifically, her maternal grandmother suffers from a number of significant medical conditions that render her unable to take care for her great-grandchildren and her maternal half-brother resides in Hallandale Beach, Florida, where he works as an Uber driver. Finally, Defendant's father, with whom she has no relationship or contact, resides in Cuba. As such, Defendant argues that she is the only available caregiver for her two autistic children. The Government opposes Defendant's request, noting that she failed to exhaust her administrative remedies. Moreover, the Government argues that Defendant has not demonstrated any extraordinary reasons that warrant a sentence reduction as she has other caregivers who are able to provide care for her children while she completes her term of imprisonment. Upon review, the Court concludes that Defendant has failed to demonstrate that compassionate release is warranted.

### A. Administrative Exhaustion Requirement

As an initial matter, the Court notes that Defendant's own Motion acknowledges her failure to satisfy the exhaustion requirement under § 3582. Indeed, Defendant explains that she submitted a request for compassionate release based on her obesity, not on any familial circumstance relating to caring for her children, which was denied on July 8, 2020. *See* ECF No. [289] at 3 & n.1; *see also* ECF No. [289-3]. The Government, however, argues that the previous denial of an unrelated request for compassionate release cannot satisfy the exhaustion requirement as the BOP has not been given an opportunity to assess the circumstances raised here. The Court agrees that the denial of Defendant's prior request for compassionate release over a year ago, which was premised upon her obesity, cannot satisfy the exhaustion requirement for the current Motion. This alone is a basis for denying Defendant's Motion.

## B. Extraordinary and Compelling Circumstances

Nevertheless, even if Defendant satisfied the exhaustion requirement relating to the present request for compassionate release, the Motion is due to be denied on the merits because Defendant has failed to satisfy her burden of demonstrating extraordinary and compelling circumstances. While the Court is certainly sympathetic to Defendant's situation and her desire to care for her minor children, the Motion fails to establish that her husband is incapacitated and therefore unable to provide care or that she is the only available caregiver under the circumstances.

The Sentencing Commission's policy statement in § 1B1.13 sets forth clear requirements for when family circumstances present extraordinary and compelling reasons. *See United States v. Salcedo*, --- F. App'x ---, No. 20-13736, 2021 WL 3700930, at *2 (11th Cir. Aug. 20, 2021) ("Family circumstances warrant a sentence reduction [] only if either the caregiver of the prisoner's minor child dies or is incapacitated, or the prisoner's spouse is incapacitated when he would be the only caregiver for that spouse." (citing U.S.S.G. § 1B1.13 cmt. 1(C))). With regard to the care of a defendant's minor children, these extraordinary circumstances arise under § 1B1.13 when the caregiver of a defendant's minor children dies or is otherwise incapacitated. Moreover, the BOP Program Statement explains that

> [t]he criteria for a [reduction in sentence ("RIS")] request may include the death or incapacitation of the family member caregiver of an inmate's child, e.g., RIS requests from inmates whose biological or legally adopted child or children ("child") are suddenly without a family member caregiver due to that caregiver's death or incapacitation.
> For these requests, "child" means a person under the age of 18 and "incapacitation" means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child.

Federal Bureau of Prisons Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, § 5 (Jan. 17, 2019), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see also United States v.*

*Coote*, No. 2:16-cr-46-FtM-38MRM, 2020 WL 6161486, at *1 (M.D. Fla. Oct. 21, 2020) (relying in part on the BOP Program Statement's definition of "incapacitated" (citing *United States v. Jordan*, No. 3:16-cr-92-J-39PDB, 2020 WL 1640097, at *2 (M.D. Fla. April 2, 2020) ("A BOP Program Statement . . . is entitled to at least 'some deference,' . . . as long as it is a permissible construction of the statute."))).

In the instant Motion, Defendant presents no evidence that her husband, who serves as the primary caregiver of her minor children, is somehow incapacitated, nor does she attempt to argue that he is unable to care for their children. Instead, Defendant premises her argument that she is the only available caregiver because her husband cannot simultaneously earn a living as a long-distance truck driver while also caring for their two young children, both of whom have been diagnosed with Autism Spectrum Disorder. The failure to demonstrate that her husband is incapacitated such that he cannot continue to care for their children is, on its own, fatal to her request for compassionate release. Indeed, Defendant's children have been under her husband's care since she was taken into custody over three years ago, and there is no indication that this arrangement is inadequate or that the children are not receiving proper care. Moreover, there is no record evidence that Defendant's husband cannot continue to care for the children due to incapacitation or that he cannot otherwise secure different employment that would lessen the time spent away from his children, should the need arise.

The mere fact that Defendant's husband must juggle the responsibilities of child rearing alongside the demands of his job does not present extraordinary and compelling circumstances. To the contrary, loved ones are often adversely impacted by a family member's incarceration, and must make necessary and inconvenient life adjustments during that individual's incarceration. These often-unavoidable consequences, however, do not create extraordinary circumstances that

would satisfy the requirements of § 1B1.13 cmt. 1(C). *See United States v. Laureti*, No. 16-cr-60340, 2019 WL 7461687, at *2 (S.D. Fla. Dec. 17, 2019) ("[I]t is apparent that the Defendant is not the only family member capable of caring for the minor children. In fact, the children's grandmother has been caring for the children for nearly 6 months and there is no record evidence that the children's grandmother is unable to care for them."), *aff'd*, --- F. App'x ---, No. 20-10994, 2021 WL 2396205, at *2 (11th Cir. June 11, 2021) ("[T]he district court did not abuse its discretion in denying Laureti's motion for compassionate release . . . because Laureti failed to meet his burden of showing that his former mother-in-law was incapable of providing care for his minor children or that he was the only available alternative caregiver, such that it would be unreasonable not to find an extraordinary circumstance warranting compassionate release.").

Additionally, as the Government notes, one of the medical records that Defendant has submitted with her Motion acknowledges that Defendant is incarcerated and states that "[t]he children live with the father, god mother and her boyfriend." ECF No. [289-1] at 9. Although Defendant does not address this fact in her Motion, the Court fails to see how Defendant could be the sole available caregiver for her children when they currently live in a household with two close familial relations in addition to their father, who is seemingly willing and able to care for his children. *Cf. United States v. Collins*, --- F. App'x ---, No. 20-14305, 2021 WL 3560663, at *2 (11th Cir. Aug. 12, 2021) ("[T]he family circumstance that Collins presented to the district court— the death of his children's mother—was not consistent with the policy statement's listed family circumstances because his children were staying with family caregivers."). Defendant also acknowledges that she has a maternal half-brother who lives in Hallandale Beach, Florida, but she provides no explanation for why he is unable to aid in the care of her children during the remainder

of her sentence.[1] *See Coote*, 2020 WL 6161486, at *1 ("Defendant has shown no extraordinary and compelling reasons to warrant compassionate release. Other than his say so, he provides no evidence that his mother is the only available caregiver of his children. Even accepting his representation as true, there is no proof of his mother suffering a severe injury or illness to be incapacitated."). Defendant may understandably prefer to care for her children herself but, "unfortunately, it is not uncommon that a defendant's children or dependents must be placed in the care of other people as a consequence of the defendant's conviction." *United States v. Williams*, No. 3:19-cr-33-BJD-JBT, 2021 WL 1238410, at *2 (M.D. Fla. Apr. 2, 2021). Such circumstances do not, however, establish extraordinary circumstances.

The Court recognizes the suggestions that Defendant's husband find new, more flexible employment, or that more distant family members care for Defendant's children, may pose a less-than-ideal solution. Nevertheless, a finding of compassionate release cannot rest solely on avoiding such inconvenience for a convicted inmate's family. Likewise, Defendant's exemplary conduct while in custody and her efforts at rehabilitation in prison, while admirable, do not warrant early release. *See United States v. Glover*, --- F. App'x ---, No. 20-11899, 2021 WL 3671132, at *2 (11th Cir. Aug. 19, 2021) ("A prisoner's rehabilitation is not, by itself, considered an extraordinary and compelling reason warranting a sentence reduction." (citing U.S.S.G. § 1B1.13 cmt. 3)); *see also United States v. Guyton*, --- F. App'x ---, No. 20-14099, 2021 WL 2310420, at *2 (11th Cir. June 7, 2021) (finding no extraordinary or compelling reasons for release where the defendant failed to show his mother's incapacitation or that she was the caregiver of his minor children and noting

---

[1] The Court notes that Defendant also argues that her maternal grandmother, who suffers from a number of medical issues, cannot serve as a caretaker for her children given her own condition. The evidence in the record supports the argument that Defendant's grandmother is incapacitated for the purposes of this Court's analysis. The fact that Defendant's grandmother cannot care for the children does not, however, alter the Court's ultimate conclusion that Defendant has other alternative caregivers that are able to look after her children.

that the defendant's "rehabilitation, by itself, is not an extraordinary and compelling reason warranting a sentence reduction").[2]

In sum, while the Court sympathizes with Defendant's difficult situation, her desire to be reunited with and care for her children does not warrant compassionate release.

### C. Remaining Factors Under § 3553(a) and § 3142(g)

"In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement in § 1B1.13," the Eleventh Circuit has made it clear that "a district court must also consider 'all applicable' 18 U.S.C. § 3553(a) factors when it grants or denies a motion for compassionate release." *Collins*, 2021 WL 3560663, at *2 (citing *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021)); *see also United States v. Stevens*, 997 F.3d 1307, 1315 (11th Cir. 2021) (explaining that the similar mandatory statutory language in § 3582(c)(2) "clearly mandates consideration of the § 3553(a) sentencing factors before a district court exercises its discretion in granting or denying [] a sentence reduction").[3] Ultimately, "[b]ecause a defendant's sentence

---

[2] Furthermore, although not raised by either party, the Court also notes that compassionate release is unwarranted here because, even if the Court were to grant Defendant's Motion, she would likely be unable to care for her children based on the special conditions of her supervised release. *See* ECF No. [217] at 4 (amended judgment imposing special conditions of supervised release, including the condition that Defendant surrender to the custody of the United States Immigration and Customs Enforcement's for removal proceedings upon the completion of her term of imprisonment).

[3] The sentencing factors under § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing," the Court must assess whether "immediate release would be consistent with those factors," upon consideration of the circumstances underlying the request for compassionate release and the time remaining in Defendant's sentence. *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).

Similarly, the Court must analyze whether Defendant poses a danger to the safety of the community under § 3142(g).[4] It is worth noting, however, that "[t]he factors listed in 3142(g) are largely duplicative of those in 3553(a)." *United States v. Martin*, No. CR 98-178, 2020 WL 3960433, at *6 (E.D. Pa. July 13, 2020) (quoting *United States v. Salvagno*, No. 02-51, 2020 WL 3410601, at *7 (N.D.N.Y. Apr. 23, 2020)).

In this case, Defendant has failed to adequately support her position that a sentence

---

(4) the kinds of sentence and the sentencing range established for—
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

[4] The relevant factors to consider under § 3142(g) include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

modification is warranted in light of the considerations of § 3553(a) or § 3142(g). In fact, Defendant's Motion hardly devotes any attention at all to the relevant factors under § 3553(a) and § 3142(g). Essentially, Defendant argues that requiring her to complete the additional three years of incarceration remaining of her sentence, despite her family circumstances and lack of criminal history, would impose a greater-than-necessary punishment. Moreover, although she provides no supporting evidence, Defendant contends that her conduct while in custody supports granting compassionate release. *See* ECF No. [289] at 9-10 ("Defendant has exhibited exemplary conduct in prison, having engaged in rehabilitative exercises, all as reported by prison officials where she is housed. It is submitted that [Defendant] has already incurred appropriate sanctions for her criminal behavior, for which she has fully accepted responsibility."). Thus, she contends that granting compassionate release would still promote respect for the law and reflect the seriousness of the offense.

The Court is unpersuaded by Defendant's arguments that the relevant factors under § 3553(a) and § 3142(g) support a sentence modification in this case. Defendant participated in a seven-year-long conspiracy to commit bank fraud and money laundering, and she is responsible for losses amounting to approximately $4,219,984.00. *See* ECF No. [171] at 31. As a result of her conduct, Defendant is responsible for a total restitution amount of $3,793,703.92. *See* ECF No. [217] at 5. Defendant's conduct in this case was extensive and serious, resulting in significant financial losses. The Court fails to see how reducing Defendant's sentence by three years (i.e., approximately 50% of the total sentence imposed) would reflect the seriousness of her conduct, promote respect for the law, provide just punishment for her offenses, or afford adequate deterrence of future criminal conduct. A reduction of Defendant's sentence would be contrary to the goals of § 3553(a).

The Court fully considered all the relevant factors under both § 3553(a) and § 3142(g) in imposing Defendant's sentence, including the fact that Defendant's two minor children suffer from autism and that her husband works as a long-distance truck driver. Likewise, the Court's sentence accounted for not only the nature and severity of the offense, but for Defendant's characteristics and personal history, in determining a just sentence. These considerations remain the same and therefore do not warrant any sentence modification at this stage. *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago."). This conclusion is further buttressed by the Court's conclusion above that Defendant has failed to establish extraordinary and compelling circumstances warranting release. *See United States v. Abdul-Wahhab*, No. 16-CR-60201, 2020 WL 5440587, at *4 (S.D. Fla. Sept. 10, 2020). Thus, a review of the circumstances in this case and the relevant § 3553(a) and § 3142(g) factors clearly weigh against granting Defendant's request for compassionate release.

In light of the discussion above, Defendant's Motion is due to be denied because she has failed to meet her burden under § 3582(c)(1)(A)(i).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [289]**, is **DENIED**.

Case No. 17-cr-60223-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 3, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record